# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| DONALD FOSTER, #1038609, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-3078-M-BK |
| | § | |
| THE STATE OF TEXAS, et al., | § | |
|     Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special *Order* 3, this case was automatically referred to the United States magistrate judge for judicial screening. On November 8, 2017, Plaintiff filed a *pro se Notice of Removal*. For the reasons that follow, the criminal case should be **REMANDED** *sua sponte* to the 30th Judicial District Court of Wichita County, Texas, and, to the extent Plaintiff alleges new civil claims, they should be **DISMISSED** as barred by three strikes.

## I. BACKGROUND

Plaintiff, a state prisoner, seeks to remove to this Court a state criminal case pending against him in Wichita County, Texas. Doc. 2 at 1. However, his *Notice of Removal* lists himself as the Petitioner, and, as Respondents, he lists the State of Texas, District Attorney Maureen Shelton, Attorney General Ken Paxton, and Correctional Officer Lisa James. Doc. 2 at 1, 2-3. Plaintiff asserts that "he is being denied and cannot enforce in the courts of the state . . . his fundamental rights under federal law, providing for the 'equal protection' of citizens of the United States, on account of his race and position. . . ." Doc. 2 at 2. He also claims that his state criminal prosecution is racially motivated and that his prolonged confinement in isolation from

August 2016 until May 2017 "prejudiced his ability to prepare an effective defense and ha[s] unconstitutionally deprived him of his right to a fair trial . . . ." Doc. 2 at 4.

Plaintiff further asserts that his criminal charges are "the product of an abusive prosecutorial authority and arbitrary enforcement" and that they are "false, fabricated, vindictive and racially motivated." Doc. 2 at 6. He complains of Defendant James' personal bias and alleges she had committed "other illegalities" under color of state law. Doc. 2 at 6. Specifically, Plaintiff avers the criminal charges against him were meant "to suppress his and other prisoners' state and federal civil rights . . . ." Doc. 2 at 6. As relief, Plaintiff requests an evidentiary hearing, the appointment of counsel, and an injunction prohibiting the State of Texas from proceeding further with the state criminal prosecution against him. Doc. 2 at 7.

The Court has confirmed telephonically with the Wichita County District Clerk's office (1) that *State of Texas v. Foster*, No. 57148-A (30th Jud. Dist. Ct., Wichita Cty.), is a pending felony criminal action, (2) that Defendant was indicted on March 17, 2016, for obstruction and/or retaliation against Defendant James, and (3) that Plaintiff is represented by appointed counsel, Robert Rafuse. *See also* Doc. 2 at 3 (Plaintiff's summary of events leading to state felony charge).

## II. ANALYSIS

### A. No Right to Remove Pending Criminal Proceedings

28 U.S.C. § 1455(a) provides for removal of criminal prosecutions to federal court. When a criminal case is removed, however, the court must "examine the notice promptly" and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Because section 1455 does not set out any substantive requirement for removal, the

Court turns to the other removal statutes to determine if removal is appropriate. *See Louisiana v. Hunter*, Civ. A. No. 14-931, 2014 WL 7139463, at *5 (E.D. La. Dec. 15, 2014) (noting that the United States Court of Appeals for the Fifth Circuit has yet to construe section 1455 and that the statute is purely procedural and provides no substantive requirements for removal).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). However, even assuming a proper notice of removal under section 1455(a) and (b), within the requisite 30-day period and filed in the correct division,[1] Plaintiff cannot establish a legal right to remove his pending criminal case.

Plaintiff is not a federal officer, a member of the armed forces, or an official enforcing civil rights. Doc. 3 at 1. *See* 28 U.S.C. § 1442 (providing for removal of criminal actions against federal law enforcement officers or officials for acts taken in their official duties), 28 U.S.C. § 1442a (providing for removal of prosecutions of members of the armed forces), and 28 U.S.C. § 1443(2) (providing for removal of prosecutions of officials enforcing civil rights statutes). Insofar as Plaintiff relies on section 1443(1) for removal authority, he cannot establish the requisites under that section either. *See State of Tex. v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86-87 (5th Cir. 1982) (affirming the district court's dismissal of petition for removal for failure to allege a race-based civil rights violation).

---

[1] Defendant seeks to remove a Wichita County criminal case. However, Wichita County lies within the boundaries of the United States District Court for the Northern District of Texas, Wichita Falls Division. 28 U.S.C. § 124(a)(6).

Section 1443(1) authorizes the removal of a pending state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Thus, to remove under that section, the defendant must show both that (1) the right allegedly denied him arises under a federal law providing for specific rights stated in terms of racial equality; and (2) that he cannot enforce the specified federal right in state court. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780 (1966)). Plaintiff has wholly failed to meet that burden here.

Although Plaintiff's pleadings are replete with catch-phrases – generally asserting equal protection of the law and vaguely referencing his status as an African American [Doc. 2 at 2-7] – they are silent as to the denial of any federal civil right. Conclusory allegations of civil rights violations are clearly insufficient to remove a pending state criminal prosecution to federal court. *See Gulf Water Benefaction Co.*, 679 F.2d at 86. Moreover, Plaintiff merely mentions that he cannot enforce his federal rights in state court, but offers no indication that he or his counsel have been thwarted in any attempts to do so. Accordingly, Plaintiff has failed establish a right to remove his pending criminal case under 28 U.S.C. § 1443(1) and his criminal case should be *sua sponte* remanded to state court.

### B. Barred from Filing a Civil Action

Plaintiff also apparently alleges civil rights violations against the named Defendants stemming from the pending state criminal case. To the extent Plaintiff seeks to bring a civil rights action, he is barred by the "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), from bringing a civil action *in forma pauperis*. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007) (section 1915(g) precludes a prisoner from bringing

a civil action in forma pauperis if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim).

This Court has previously found Plaintiff was barred by three strikes. *See Foster v. Haynes*, No. 7:16-CV-065-O (N.D. Tex., Wichita Falls Div., 2016) (summarizing prior strikes and barring Plaintiff from proceeding *in forma pauperis* under section 1915(g)). Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in a civil action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*). Even when liberally construed, however, his pleadings are devoid of any allegation of imminent danger of serious physical injury. Plaintiff, thus, is barred from proceeding *in forma pauperis* in a civil action under section 1915(g).

### III. RECOMMENDATION

For the foregoing reasons, this action should be **REMANDED** *sua sponte* to the 30th Judicial District Court of Wichita County. 28 U.S.C. § 1455(b)(4). To the extent Plaintiff intends to bring a civil rights action against Defendants, it should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g), and Plaintiff's motion to proceed *in forma pauperis* should be **DENIED**. Such dismissal is with prejudice to filing an *in forma pauperis* lawsuit raising the same claims as those presented herein, but without prejudice to the refiling said claims with full payment of the $400.00 filing fee.

**SIGNED** November 28, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE