**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DONALD FOSTER, #1038609,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:17-CV-3078-M-BK** |
| | § | |
| **THE STATE OF TEXAS, et al.,** | § | |
| **Defendants.** | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On November 28, 2017, the United States Magistrate Judge filed Findings, Conclusions,

and a Recommendation in this case.  No objections were filed.  However, on December 5 and 8,

2017, Plaintiff filed two motions to recuse, which are for the most part identical.  Then on

December 11, 2017, he filed a motion for leave to amend.

I.

Plaintiff seeks to recuse District Judge Reed O'Connor, claiming that he has a personal

bias against Texas prisoners.  This case is assigned to Chief Judge Barbara M. G. Lynn.

Therefore, Plaintiff's motions to recuse are **DENIED**.

Plaintiff also seeks to amend his petition for removal to add "legal authority" to the

opening and jurisdictional paragraphs on page 1 and to paragraph 8 on page 6.  A review of the

proposed amended complaint reflects that Plaintiff has added only a reference to 28 U.S.C. §

1447, which sets out the procedures to be followed after removal, and has made no substantive

change.

Federal Rule of Civil Procedure 15(a) requires a court to grant leave to amend "freely." Consequently, Plaintiff's motion for leave to amend is **GRANTED**. The Clerk of the Court is **directed** to file Plaintiff's proposed amended complaint for removal.

## II.

The Court has reviewed the proposed findings, conclusions and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that this action is **REMANDED** *sua sponte* to the 30th Judicial District Court of Wichita County. *See* 28 U.S.C. § 1455(b)(4).

IT IS FURTHER ORDERED that, to the extent Plaintiff seeks to sue the individual Defendants, this action is **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g), and that Plaintiff's motion to proceed *in forma pauperis* is **DENIED.** Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to refiling of this lawsuit with full payment of the $400.00 filing fee.

## III.

The Court prospectively **CERTIFIES** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). In support of this certification, the Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Findings and Recommendation, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.

*Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).[1]  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit.  *See Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a)(5).

SO ORDERED this 18th day of December, 2017.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

---

[1] Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order.  A timely notice of appeal must be filed even if the court certifies an appeal as not taken in good faith.